**LEWIS BRISBOIS BISGAARD & SMITH LLP**
LANE J. ASHLEY, SB# 073296
   E-Mail: ashley@lbbslaw.com
JANELLE F. GARCHIE, SB# 118453
   E-Mail: jgarchie@lbbslaw.com
550 West "C" Street, Suite 800
San Diego, CA 92101-3540
Telephone: (619) 233-1006
Facsimile: (619) 233-8627

Telephone: (213) 250-1800 (Lane Ashley)
Facsimile: (213) 250-7900 (Lane Ashley)

Attorneys for Defendants FEDERAL INSURANCE COMPANY and PACIFIC INDEMNITY COMPANY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WANDA PODGURSKI,<br><br>            Plaintiff,<br><br>      v.<br><br>FEDERAL INSURANCE COMPANY,<br>CHUBB GROUP, and PACIFIC INDEMNITY<br>COMPANY,<br><br>            Defendants. | CASE NO.: 08 CV 1516 BTM POR<br><br>Action Filed:  January 30, 2008<br>Trial Date:            Not Set<br><br>**Defendants Pacific Indemnity Company and Federal Insurance Company's Memorandum of Points and Authorities in Support of Their Motion to Dismiss Pursuant to FRCP Rule 12(b)(6); Declaration of Janelle F. Garchie; Declaration of David Martinez II; Demand for Jury Trial** |

|  |  |
|---|---|
| Hearing Date: | November 7, 2008 |
| Time: | 11:00 a.m. - Per Chamber, No Oral Argument Unless Ordered  by the Court |
| Courtroom: | 15, 5th Floor |
| Judge: | Hon. Barry Ted Moscowitz |

COMES NOW, defendants Pacific Indemnity Company ("Pacific") and Federal Insurance Company ("Federal") and file the following memorandum of points and authorities in support of their motion to dismiss pursuant to Federal Rules of Civil Procedure section 12(b)(6).

This motion is made following the attempts of defense counsel to meet and confer with plaintiff's counsel.  (*See*, accompanying Declaration of Janelle F. Garchie.)

/ / /

1

# <u>TABLE OF CONTENTS</u>

2

|  | | <u>Page</u> |
|---|---|---|
| I. | SUMMARY OF ARGUMENT | 1 |
| II. | THE PLEADING | 1 |
| III. | THE POLICY | 2 |
| IV. | PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD THE EXISTENCE AND TERMS OF AN INSURANCE CONTRACT BETWEEN PLAINTIFF AND FEDERAL OR PACIFIC AND CONSEQUENTLY THE ACTION MUST BE DISMISSED | 2 |
|  | A.    Federal Insurance Company is Not a Proper Party | 3 |
|  | B.    Plaintiff's Claim is Barred by the One Year Suite Limitation Provision | 3 |
| V. | CONCLUSION | |

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

DEFENDANTS' MEMO OF P & A'S IN SUPPORT OF THEIR MOTION TO DISMISS; AND ACCOMPANYING DOCUMENTS

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Xechem Inc. v. Bristol Myers Squibb Co.* (7th Cir. 2004) 372 F.2d 901 . . . . . . . . . . . . .   4

**STATE CASES**

*C&H Foods Co. v. Hartford Insurance Co.* (1984) 163 Cal.App.3d 1055, 1064 . . . . . .   3

*Fageol T&C Co. v. Pacific Indemnity Co.* (1941) 18 Cal.2d 747, 753 . . . . . . . . . . . . .   3

*Gilmore v. Lycoming Fire Insurance Co.* (1880) 55 Cal. 123, 124 . . . . . . . . . . . . . . . .   2

*Lawrence v. Western Mutual Insurance Co.* (1988) 204 Cal.App.3d 565, 574-76 . . . . .   4

*Love v. Fire Insurance Exch.* (1985) 164 Cal.App.3d 846, 849 . . . . . . . . . . . . . . . . . .   2

*Kopczynski v. Prudential Insurance Co.* (1985) 164 Cal.App.3d 846 . . . . . . . . . . . . . .   2

*Love v. Fire Insurance Exchange* (1990) 221 Cal.App.3d 1136 . . . . . . . . . . . . . . . . . .   3

*Magnolia Square Homeowners Association v. Safeco Insurance Co.* (1990)
    221 Cal.App.3d 1049, 1057-60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Otworth v. Southern Pacific Transport Co.* (1985) 166 Cal.App.3d 452, 458 . . . . . . .   2

*Prieto v. State Farm Fire & Casualty Co.* (1990) 225 Cal.App.3d 118, 1195-96 . . . . . .   3

*Prudential-LMI Insurance Co. v. Superior Court* (1990) 51 Cal.3d 674, 678 . . . . . . . .   3

*Reichert v. General Insurance Co.* (1968) 68 Cal.2d 822, 830 . . . . . . . . . . . . . . . . . .   2

*Singh v. Allstate Insurance Co.* (1998) 63 Cal.App.4th 135 . . . . . . . . . . . . . . . . . . . .   4

*Wise v. Southern Pacific Co.* (1963) 223 Cal.App.2d 50, 59 . . . . . . . . . . . . . . . . . . . .   2

**STATE CODE**

California *Insurance Code* § 2071 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

DEFENDANTS' MEMO OF P & A'S IN SUPPORT OF THEIR MOTION TO DISMISS; AND ACCOMPANYING
DOCUMENTS

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  SUMMARY OF ARGUMENT

The plaintiff's form complaint fails to attach a copy of the subject insurance policy and fails to plead the relevant policy terms on which her breach of contract and bad faith causes of action are grounded.  Consequently, she has not adequately pled those causes of action.

This glaring omission was likely calculated because plaintiff must be aware that: (1) the policy would show that it was not issued by Federal who is an improper defendant; and (2) the policy contains a one-year suit limitation provision which bars her claim entirely.

A true and accurate copy of the policy is attached as Exhibit "A".  Given these obvious insufficiencies, defendants Federal and Pacific request that this motion be granted and the instant case dismissed.

## II.  THE PLEADING

The plaintiff's complaint which was filed on January 30, 2008, alleges that the defendants Federal Insurance Company, Pacific Indemnity Company and Chubb Group (not yet served) "issued an insurance policy no. 121789490 . . . covering certain property including jewelry.  That coverage included indemnity in the event of theft of the property."

It is further alleged that "on or about January 31, 2007, defendant breached the agreement by . . . failing to pay a covered claim for theft of property covered by the policy."  Moreover, the policy alleges that on January 31, 2007:

> Defendants unreasonably and in bad faith denied Plaintiff's claim
> for the 6-20-05 loss by among other things, failing to properly
> investigate the claim and putting their interests ahead of Plaintiffs.
> As a proximate result, Plaintiff suffered consequential damages
> according to proof which include, but are not limited to, emotional
> distress, loss of use of property, attorneys fees and other costs
> pursuant to Brandt.

Conspicuously absent is any allegation as to the date plaintiff notified the company of the loss.  She also has failed to attach a copy of the denial of coverage letter.  Moreover, not

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

1    surprisingly, the complaint fails to attach the policy or plead its terms which would negate

2    plaintiff's claims.

3        The unpled facts are that plaintiff notified Pacific of the loss on April 28, 2006 and the

4    written denial of coverage was on January 31, 2007. (*See,* declaration of David Martinez II, ¶ 2,4)

5    ## III. **THE POLICY**

6        The subject policy number 1217894901 was issued by Pacific Indemnity Company, not

7    Federal Insurance Company. It provides in relevant part: "You also agree to bring any action

8    against us within one year after a loss occurs . . ." (*See,* declaration of David Martinez II, ¶3)

9    ## IV. **PLAINTIFF HAS FAILED TO ADEQUATELY PLEAD**

10   **THE EXISTENCE AND TERMS OF AN INSURANCE CONTRACT**

11   **BETWEEN PLAINTIFF AND FEDERAL OR PACIFIC AND**

12   **CONSEQUENTLY THE ACTION MUST BE DISMISSED.**

13       To prevail on her cause of action for breach of contract, plaintiff must establish the

14   following essential elements of that cause of action: (1) the contract; (2) plaintiff's performance or

15   excuse for nonperformance; (3) defendant's conduct constituting a breach of the contract; and (4)

16   the resulting damage to plaintiff. *See, Reichert v. General Ins. Co.* (1968) 68 Cal. 2d 822, 830;

17   *Otworth v. Southern Pacific Transp. Co.* (1985) 166 Cal. App. 3d 452, 458.

18       Where a cause of action is based on the alleged breach of a written contract, "the terms

19   must be set out verbatim in the body of the complaint, or a copy of the written instrument must be

20   attached and incorporated by reference." *Otworth v. Southern Pacific Transportation Co., supra,*

21   at 458; *see also, Wise v. Southern Pacific Co.* (1963) 223 Cal. App. 2d 50, 59; *Gilmore v.*

22   *Lycoming Fire Ins. Co.* (1880) 55 Cal. 123, 124 ("Where a party relies upon a contract in writing,

23   and it affirmatively appears that all the terms of the contract are not set forth in haec verba, nor

24   stated in their legal effect, but that a portion which may be material has been omitted, the

25   complaint is insufficient.")

26       Further, an insured may not maintain a "bad faith" cause of action based on contract where

27   the contract terms have not been shown to have been breached (i.e., where no coverage was owed).

28   *See, Love v. Fire Ins. Exch.* (1985) 164 Cal.App.3d 846, 849; *Kopczynski v. Prudential Ins. Co.*

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA, 92101-3540
TELEPHONE (619) 233-1006

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

1    (1985) 164 Cal.App.3d 846.

2        With those established rules in mind, plaintiff's complaint is patently defective.

3    **A.**     <u>**Federal Insurance Company is Not a Proper Party**</u>

4        In this case, as evidenced by the insurance policy, the entity issuing the policy was Pacific

5    Indemnity Company, not Federal Insurance Company. Consequently, plaintiff may not maintain a

6    breach of contract cause of action against Federal, with which she was not in privity. *See, Love v.*

7    *Fire Insurance Exchange* (1990) 221 Cal.App.3d 1136.

8    **B.**     <u>**Plaintiff's Claim is Barred by the One Year Suit Limitation Provision**</u>

9        California *Insurance Code* § 2071 sets forth numerous provisions which must be included

10   as part of the standard form fire insurance policy, including a suit limitation clause, which provides

11   that any suit or action on an insurance policy must be brought within one year after the inception

12   of the loss. As noted above, the Pacific policy contains such a limitation.

13       California courts have long upheld the validity of the one-year limitation of suit provision

14   commonly found in property insurance policies. *See, Fageol T&C Co. v. Pacific Indem. Co.,*

15   (1941) 18 Cal.2d 747, 753; *C&H Foods Co. v. Hartford Ins. Co.* (1984) 163 Cal.App.3d 1055,

16   1064; *Prudential-LMI Ins. Co. v. Superior Court* (1990) 51 Cal.3d 674, 683 ("[a] covenant

17   shortening the period of limitations is a valid provision in an insurance contract and cannot be

18   ignored with impunity.")

19       In *Prudential-LMI Com. Ins. Co. v. Superior Court* (1990) 51 Cal.3d 674, 678, the

20   California Supreme Court held that the one-year period begins to run at the "inception of the loss"

21   and is equitably tolled "from the time the insured files a timely notice, pursuant to policy notice

22   provisions, to the time the insurer formally denies the claim in writing."

23       Judicial decisions have applied the one-year commencement of suit provision broadly to

24   bar the entire lawsuit, whatever legal theories may be plead. *See, Prudential-LMI, supra,* at 681

25   (theories of breach of contract, insurance bad faith, breach of fiduciary duty, and negligence all

26   barred); *Prieto v. State Farm Fire & Casualty Co.* (1990) 225 Cal.App.3d 118, 1195-96 (theories

27   of insurance bad faith and intentional infliction of emotional distress all barred); *Magnolia Square*

28   *Homeowners Assn. v. Safeco Insurance Co.* (1990) 221 Cal.App.3d 1049, 1057-60 (theories of

1   breach of contract, insurance bad faith, breach of fiduciary duty, intentional and negligent

2   misrepresentation, constructive fraud, negligence, conspiracy, interference with contract, and

3   inducement to breach contract all barred); *Lawrence v. Western Mutual Insurance Co.* (1988) 204

4   Cal.App.3d 565, 574-76 (theory of misrepresentation of coverage barred.)  The equitable tolling

5   period ends when a claim is denied.  *Singh v. Allstate Ins. Co.* (1998) 63 Cal.App.4th 135.

6        Here, plaintiff's pleading, although vague, does allege that the loss was on June 20, 2005.

7   Consequently, the filing of the complaint in January 30,2007 is outside the one-year limitation

8   period.

9        Under these circumstances, the plaintiff is required to "plead around" the suit limitation

10  defense by demonstrating why Pacific is estopped to assert the defense.  Otherwise, she cannot

11  proceed with the claim.  *See, Xechem Inc. v. Bristol Myers Squibb Co.* (7th Cir. 2004) 372 F.2d

12  901.

13       In this case, plaintiff has not and cannot not plead around the one-year bar because the

14  estoppel period (9 months) of April 28, 2006 (date of notice) to January 31, 2007 (date of denial),

15  subtracted from the 30 month time period between the loss on June 20, 2005 and the suit on

16  January 30, 2008 results in a delay period of over 22 months which far exceeds the one year

17  limitation period.  Thus, the claim is clearly barred.

18                            **V.  CONCLUSION**

19       For the above stated reasons, defendants request that the Court grant this motion to

20  dismiss.

21

22  DATED: August ___, 2008          LEWIS BRISBOIS BISGAARD & SMITH LLP

23

24                            By   *s/Janelle F. Garchie*
                                   Lane J. Ashley
25                                 Janelle F. Garchie
                                   Attorney for Defendant FEDERAL INSURANCE
26                                 COMPANY AND PACIFIC INDEMNITY COMPANY

27

28

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

## DEMAND FOR JURY TRIAL

Defendants Federal Insurance Company and Pacific Indemnity Company hereby demand a jury trial of all issues so triable.

DATED: August _22_, 2008                    LEWIS BRISBOIS BISGAARD & SMITH LLP


By _s/Janelle F. Garchie_
    Lane J. Ashley
    Janelle F. Garchie
Attorney for Defendant FEDERAL INSURANCE
COMPANY AND PACIFIC INDEMNITY COMPANY

DEFENDANTS' MEMO OF P & A'S IN SUPPORT OF THEIR MOTION TO DISMISS; AND ACCOMPANYING DOCUMENTS

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

**FEDERAL COURT PROOF OF SERVICE**
Podgurski v. Federal Insurance Company, et al. - File No. 8632-476

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 800, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 22, 2008, I served the following document(s):

1.    Defendants Pacific Indemnity Company and Federal Insurance Company's Memorandum of Points and Authorities in Support of Their Motion to Dismiss Pursuant to FRCP Rule 12(b)(6); Declaration of Janelle F. Garchie; Declaration of David Martinez II; Demand for Jury Trial

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Darrell Palmer, Esq.
Attorney at Law
603 North Highway 101, Suite A
Solana Beach, CA 92075
Tel: 858-792-5600
Fax: 858-792-5655
Attorneys for Plaintiff

The documents were served by the following means:

[X]    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 22, 2008, at San Diego, California.

Jeanne P. Farrar

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

4839-9737-9842.1

**DECLARATION OF JANELLE F. GARCHIE**

I, Janelle F. Garchie, declare:

1.     I am an attorney licensed to practice in the State of California, and am a partner of the law firm of Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for defendants Federal Insurance Company ("Federal") and Pacific Indemnity Company ("Pacific") in the above-entitled action. I have personal knowledge of the matters set forth herein, and could and would competently testify thereto if called upon as a witness.

2.     On August 18, 2008 I spoke to Darrell Palmer, counsel for plaintiff Wanda Podgurski, in an effort to meet and confer with respect to the complaint at issue.

3.     On August 20, 2008 I wrote to Darrell Palmer, counsel for plaintiff Wanda Podgurski, in an effort to meet and confer, pursuant to the Local Rules for the Southern District, with respect to the complaint at issue. A true and correct copy of the letter is attached as Exhibit "A" hereto.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on this 22nd day of August, 2008 in San Diego, California.

_____
Janelle F. Garchie

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006

4831-2548-7874.1                                    -6-
DEFENDANTS' MEMO OF P & A'S IN SUPPORT OF THEIR MOTION TO DISMISS; AND ACCOMPANYING DOCUMENTS

# EXHIBIT A

# LEWIS BRISBOIS BISGAARD & SMITH LLP

## ATTORNEYS AT LAW

550 WEST "C" STREET, SUITE 800, SAN DIEGO, CA 92101
PHONE: 619.233.1006 I FAX: 619.233.8627 I WEBSITE: www.lbbslaw.com

**JANELLE F. GARCHIE**
DIRECT DIAL: 619.699.4921
E-MAIL: jgarchie@lbbslaw.com

August 20, 2008

Darrell Palmer
Law Offices of Darrell Palmer
603 North Highway 101, Suite A
Solana Beach, CA 92075

  Re: Podgurski v. Federal Insurance Company, et al.
    Date of Loss:  June 20, 2005

Dear Mr. Palmer:

  As you are ware, this firm has been retained to defend the interests of Federal Insurance Company and Pacific Indemnity Company in connection with the above-referenced matter. Thank you for taking the time to speak with me on August 18, 2008 regarding this matter. This letter is intended to satisfy all meet and confer requirements and act as a follow-up to our meet and confer telephone conference. I understand that you are out of the office until next week and that you were leaving for vacation yesterday, even as we spoke. As you are now aware, Federal Insurance Company and Pacific Indemnity Company have filed the necessary pleadings to remove this matter to the federal court based on diversity jurisdiction. On behalf of our clients we intend to file a motion to dismiss. The basis for the motion is addressed more fully below.

  We discussed a few matters that affect the status of the initial pleadings and form the basis of the requests that will be outlined below. First, as you have already noted and agreed, Chubb Group is not a proper entity to sue and you will file a dismissal of that defendant upon your return. Second, Federal Insurance Company is also not a proper defendant as it did not issue the subject policy. We have attached a copy of the policy for your review and confirmation of that fact. After you review the policy, we request that you dismiss Federal Insurance Company as a defendant in this matter due to the fact that it is an improper defendant.

CHICAGO  |  FORT LAUDERDALE  |  LAFAYETTE  |  LAS VEGAS  |  LOS ANGELES  |  NEW ORLEANS  |  NEW YORK
ORANGE COUNTY  |  PHOENIX  |  SACRAMENTO  |  SAN BERNARDINO  |  SAN DIEGO  |  SAN FRANCISCO  |  TUCSON

LEWIS BRISBOIS BISGAARD & SMITH LLP

Darrell Palmer
August 20, 2008
Page 2

Third, without waiving and while specifically preserving all other coverage defenses, including the coverage position set forth in the letter referenced in the complaint dated January 31, 2007, the policy issued by Pacific Indemnity to Ms. Podgurski includes the following condition at page Y-5:

> **Special Conditions**
>
> In the event of conflict with any other conditions of your policy, these conditions supersede,
>
> **Legal action against us**
>
> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. *You also agree to bring any action against us within one year after a loss occurs,* ...[Emphasis added.]

As we discussed, the evidence and allegations of the complaint reveal that the loss occurred on June 20, 2005. The loss was reported to defendants on April 28, 2006. The claim was denied by defendant in writing on January 31, 2007. Ms. Podgurski did not comply with the conditions set forth in the policy because she failed to file an action within one year of the loss. The January 31, 2007 letter stated:

> The insurance policy also states:
>
>> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within one year after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined.
>
>> Please note that the more than 10 months that passed from the claimed theft, June 20, 2005, until the claim was reported to Federal on April 28, 2006, counts towards the one year in which suit must be brought. The time within which suit must be filed again begins to run from the date of this denial letter.

As you can see, Ms. Podgurski was on notice of the conditions and her obligations in light of those conditions. She did not timely file suit and her claims are subject to dismissal. By the time you return from vacation you will have a copy of our motion to dismiss.

LEWIS BRISBOIS BISGAARD & SMITH LLP

Darrell Palmer
August 20, 2008
Page 3

By dismissing the entire complaint, you will automatically take care of our requests numbered (1) and (2). Thank you very much for your anticipated consideration of these important issues. Neither of our clients need their financial resources on a case without merit.

Please feel free to contact me or my partner Lane Ashley (213.250.1800) to discuss these issues and dismissal of this matter.

Very truly yours,

Janelle F. Garchie of
LEWIS BRISBOIS BISGAARD & SMITH LLP

JFG:jg

enclosure: policy

4832-3735-8082.1

## DECLARATION OF DAVID MARTINEZ II

I, David Martinez II, declare:

1.    At all times relevant hereto I was a Property Claim Specialist and employee of Chubb & Son, a division of Federal Insurance Company, Manager of Pacific Indemnity Company. The alleged theft loss claim reported by Wanda Podgurski was assigned to me the same day it was reported to the company. I continued to be assigned to the claim up to and including January 31, 2007. I have personal knowledge of the matters set forth herein, and could and would competently testify thereto if called upon as a witness.

2.    On April 28, 2006 Wanda Podgurski reported an alleged June 20, 2005 theft loss.

3.    Attached hereto as Exhibit "A" is a true and correct copy of the Pacific Indemnity policy number 121789490 issued to Wanda Podgurski. The policy includes the following at page Y-5:

> The insurance policy also states:

>> You agree not to bring legal action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within one year after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined.

> Please note that the more than 10 months that passed from the claimed theft, June 20, 2005, until the claim was reported to Federal on April 28, 2006, counts towards the one year in which suit must be brought. The time within which suit must be filed again begins to run from the date of this denial letter.

4.    On January 31, 2007, I sent to Wanda Podgurski a true and correct copy of the letter attached hereto as Exhibit "B."

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on this 22 day of August, 2008 in Phoenix, Arizona.

_____
David Martinez II

4843-6090-7522.1

# EXHIBIT A



# CHUBB GROUP OF INSURANCE COMPANIES

Sears Tower, Suite 4700, 233 South Wacker Drive, Chicago, Illinois 60606-6303  Phone: (312) 454-4200

May 12, 2006

Attn: David Martinez

Policy: 12178949-01

Insured: Wanda Podgurski

Writing Co: Pacific Indemnity Company

I certify that the above mentioned, enclosed policy is a true and accurate copy.

Yours truly,
Chubb & Son
A Division of Federal Insurance Company

By:

Theresa R. Zarrello
Personal Lines Service Branch

*Masterpiece*®

CHUBB

Name and address of Insured

WANDA PODGURSKI
PO BOX 1421
FALLBROOK, CA 92088

Effective Date  6/26/04
Policy no.  12178949-01
Issued by  Pacific Indemnity Company
a stock insurance company
incorporated in Wisconsin
Policy period  6/26/04 to 6/26/05

If you have any questions, please contact
INSURANCE COUNSELORS, INC.
1 GEICO BLVD
FREDERICKSBURG, VA  22412
888-395-1200

To our Valued Customer:

We are pleased to enclose the renewal of your *Masterpiece*® policy. Please note that it contains a number of important contractual changes for your California coverages. To simplify your review, we have enclosed a summary of the changes that have been made.

If you have California Valuable Articles Coverage, we have made a number of changes to your policy. We expanded the category of Stamps to include Collectibles and renamed the category Stamps or Collectibles. In addition, one of the more important changes affects valuable articles policies insuring stamps in the new Stamps or Collectibles category. We have renewed these policies with a 10% special earthquake deductible as shown in the Coverage Summary. As explained in the Coverage Summary, the special earthquake deductible will be applied to a loss caused by earthquake for items in the Stamps or Collectibles category located in California. The actual dollar amount of the special earthquake deductible is calculated as a percentage of the combined total amount of itemized and blanket stamps or collectibles, plus any increase in that amount due to the application of the Total loss or Partial loss payment provisions of your Valuable Articles Coverage.

There are other new special earthquake deductible options available for the Stamps or Collectibles category, subject to our underwriting acceptance.

Please take the time to review your policy carefully. We recommend that you discuss the options for earthquake coverage for your stamps or collectibles with your agent or broker.

In a world of choices, thank you for choosing Chubb.

Sincerely,

*Daniel L. McCabe*

Daniel L. Mc Cabe
Customer Relations Manager
Chubb Personal Insurance

Chubb refers to the insurers of the Chubb Group of Insurance Companies.
Actual coverage is subject to the language of the policy.

© Copyright 1994 by Chubb & Son Inc.   Form no. 6400604

INSURED  05/11/05 20.31.27



## Summary of Contractual Changes
### California

The following is not your actual insurance policy, but rather a description of the changes to your *Masterpiece®* policy. You must read the terms, conditions and exclusions of your *Masterpiece* policy for the precise coverage afforded. Not all contractual changes listed below may apply to you; direct your attention to the coverages you have purchased. Your payment of the renewal premium indicates acceptance of these changes.

**If you have California homeowners coverage (Edition date September 2003), we have made the following changes affecting this coverage:**

1. Food spoilage
   We revised the Extra Coverage, Food spoilage, to provide $5,000 for a covered loss to wine. In addition, we have reinforced our intent that we cover spoilage of food or wine when caused by the sudden and accidental physical loss to utility power equipment or premises power supply, or mechanical or electrical breakdown of refrigeration equipment.

   | | | | |
   |---|---|---|---|
   | Deluxe Contents | Page C-4 | Deluxe Condominium FPE | Page G1-6 |
   | Deluxe Contents FPE | Page C1-4 | Standard Condominium | Page H-8 |
   | Standard Contents | Page D-5 | Standard Condominium FPE | Page H1-8 |
   | Standard Contents FPE | Page D1-5 | Deluxe Cooperative | Page J-6 |
   | Fire Contents | Page E-4 | Deluxe Cooperative FPE | Page J1-6 |
   | Fire Contents FPE | Page E1-5 | Deluxe Renters | Page L-6 |
   | Deluxe Condominium | Page G-6 | Deluxe Renters FPE | Page L1-6 |

2. Special rules for escaping water
   We revised Special rules for escaping water to reinforce our intent that we provide coverage for losses caused by water unless an exclusion applies other than the exclusions for Gradual or sudden loss, Contamination, Loss by animals, or Structural movement.

   | | | | |
   |---|---|---|---|
   | Deluxe Contents | Page C-6 | Deluxe Cooperative | Page J-8 |
   | Deluxe Contents FPE | Page C1-6 | Deluxe Cooperative FPE | Page J1-9 |
   | Deluxe Condominium | Page G-8 | Deluxe Renters | Page L-8 |
   | Deluxe Condominium FPE | Page G1-9 | Deluxe Renters FPE | Page L1-9 |

**If you have California Valuable Articles Coverage (Edition date December 2003), we have made the following changes affecting this coverage:**

1. Collectibles
   This new category allows you to schedule your collectibles under your Valuable Articles Coverage. A collectible is any private collection of rare, unique or novel items of personal interest (for example, dolls, banks, guns, model trains, wine) including memorabilia.

   | | |
   |---|---|
   | Valuable Articles | Page N-2 |

© Copyright 1984 by Chubb & Son Inc.  Form no. 6408604  INSURED 05/1/06 28.31.57

2. Gradual or sudden loss
   We revised the exclusion, Gradual or sudden loss, to reinforce our intent that we do not provide coverage for the presence of wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, or warping, however caused. We deleted fungi and mold, as they are included in a new exclusion, Fungi and mold.

   Valuable Articles              Page N-4

3. Fungi and mold
   We added an exclusion, Fungi and mold. We do not provide coverage for the presence of mold, however caused, or any loss caused by mold.

   Valuable Articles              Page N-4

4. Golf balls and tees
   The Exclusion, Golf balls and tees no longer applies since it was determined that these may be collectible items.

5. Computer error
   We revised the Exclusion, Computer error by adding the defined term, "caused by."

   Valuable Articles              Page N-4

6. Special exclusions for fine arts
   We reinforced our intent that we do not cover any loss to fine arts caused by repairing, restoring, or retouching. We also broadened this Exclusion to provide coverage for fine arts while exhibited at a fair ground, or at the premises of a national or international exposition, if we agree in advance to cover the fine arts.

   Valuable Articles              Page N-4

7. Special exclusions for stamps and coins
   We removed gradual deterioration from this Exclusion as it is already excluded under the Exclusion, Gradual or sudden loss. We also revised the exclusion by including the defined term, "caused by."

   Valuable Articles              Page N-5

8. Special exclusions for collectibles
   We added a new exclusion which excludes loss to collectibles caused by fading, creasing, denting, scratching, tearing, thinning, color transfer, dampness, change in temperature, temperature extremes, reaping, restoring, retouching or being worked on or for use other than a collectible. However, we do cover loss to wine due to change in temperature or temperature extremes caused by the sudden and accidental physical loss to utility power equipment or premises power supply, or mechanical or electrical breakdown of climate control equipment.

   Valuable Articles              Page N-5

© Copyright 1984 by Chubb & Son Inc.   Form no. 6408604

# Masterpiece®

**Premium Summary**
**Renewal**

CHUBB

WANDA PODGURSKI
PO BOX 1421
FALLBROOK, CA 92088

Page 1
Effective Date 6/26/04
Policy no. 12178949-01
Policy period 6/26/04 to 6/26/05
Producer name INSURANCE COUNSELORS, INC.

We are pleased to enclose your Chubb Masterpiece Policy, customized to provide the coverage you requested.

This chart shows at a glance what coverages you have and the related premiums.

| | Property covered | Coverage | Premium |
|---|---|---|---|
| Valuable Articles | JEWELRY | VALUABLE ARTICLES | $ 914.00 |
| Total Premium | | | $ 914.00 |

Your policy includes a Coverage Summary and policy provisions that explain your coverage in more detail.

Chubb Masterpiece provides many different credits for home, valuable articles, automobile and excess liability coverages. We recommend that you contact your agent or broker for an annual review to ensure that your coverages, policy limits and available credits are accurate and meet your personal insurance needs.

As you requested, we increased the amount of coverage for each of your scheduled jewelry items by 6%.

You will shortly receive a statement and bill.

If you choose one of our convenient installment plans, your payments will be slightly higher than the premium shown above because of the small service charge.

We appreciate your continued business. Since 1882, personal service and comprehensive coverages have been the hallmarks of the Chubb Group of Insurance Companies.

Thank you for insuring through Chubb.

© Copyright 1994 by Chubb & Son Inc. Form no. G0700000 05/95

INSURED 05/11/00 28.31.37

*Masterpiece*®



CHUBB

## PRIVACY POLICY AND PRACTICES

Chubb has been serving the insurance needs of our customers for more than a century. To continue to provide innovative products and services that respond to your insurance needs, Chubb collects certain personal information about you, which is described below in The Personal Information We Collect. At Chubb, we respect the privacy of our customers. We do not sell or share our customer lists with anyone else for the purpose of marketing their products to you. Chubb's personal information handling practices are regulated by law and this Privacy Policy describes those practices.

### Chubb's Privacy Policy

The Personal Information We Collect. Chubb collects personal information about you and the members of your household to conduct business operations, provide customer service, offer new products, and satisfy legal and regulatory requirements.

We may collect the following categories of information about you from these sources:

- Information from you directly or through your agent, broker or automobile assigned risk plan, including information from applications, worksheets, questionnaires, claim forms or other documents (such as name, address, driver's license number and amount of coverage requested).

- Information about your transactions with us, our affiliates or others (such as products or services purchased, claims made, account balances and payment history).

- Information from a consumer reporting agency (such as motor vehicle reports).

- Information from other non-Chubb sources (such as prior loss information and demographic information).

- Information from visitors to our web sites (such as that provided through online forms and online information-collecting devices known as "cookies"). Chubb does not use "cookies" to retrieve information from a visitor's computer that was not originally sent in a "cookie".

### "Opt Out" Option

The law permits certain types of disclosures, such as for the processing of the insurance transaction without allowing an opt out. Chubb does not have an opt out option as we do not disclose your personal information to nonaffiliated third parties other than as described below. Therefore, no action is required by you.

The Personal Information We Share. Chubb may disclose the personal information we collect only to service, process or administer business operations such as underwriting and claims, and for other purposes such as the marketing of products or services, regulatory compliance, the detection or prevention of fraud, or as otherwise required or allowed by law. These disclosures may be made without prior authorization from you, as permitted by law.

Sharing Personal Information With Others. Chubb may disclose the personal information we collect to affiliated and nonaffiliated parties for processing and servicing transactions, such as reinsurers, insurance agents or brokers, property and automobile appraisers, auditors, claim adjusters and third party administrators. For example, Chubb may disclose personal information to our affiliates and other parties that perform services for us such as customer service or account maintenance. Specific examples include mailing information to you and maintaining or developing software for us. Chubb may also disclose personal information to nonaffiliated parties as permitted by law. For example, we may disclose information as required in response to a subpoena, to detect or prevent fraud or to comply with an inquiry or requirement of a government agency or regulator.

continued on the next page
INSURED 05/11/06 23.31.37

© Copyright 1994 by Chubb & Son Inc.   Form no. 0799398 (Rev. 8-01)

**Sharing Personal Information With Service Providers or for Joint Marketing.** Chubb may disclose the personal information we collect to your agent or broker so that they can market our financial products and services to you, and to service providers who perform functions for us. Any such disclosure is required to be subject to an agreement with us that includes a confidentiality provision. We do not disclose personal information to other financial institutions.

**Confidentiality and Security of Personal Information.** Access to personal information is allowed for business purposes only. The people who have access to personal information, including employees of Chubb and its affiliates, and nonemployees performing business functions for Chubb, are under obligations to safeguard such information. Chubb maintains physical, electronic and procedural safeguards to guard your personal information.

**Personal Health Information.** Under certain circumstances, we also collect personal health information about our customers, such as information regarding an accident, disability or injury, for underwriting or claim purposes. Chubb does not disclose your personal health information to others for the purpose of marketing to you unless we have your express consent.

**Personal Information of Former Customers.** Chubb's personal information privacy policy also applies to former customers.

**Changes in Privacy Policy.** Chubb may choose to modify this policy at any time. We will notify customers of any modifications at least annually. If we change our disclosure practices in a way that allows an opt out, we will provide customers an opportunity to request that information not to be disclosed for marketing purposes.

**Definitions.**
"Chubb" means the following companies on whose behalf this notice is given:

Chubb & Son Inc.
Chubb & Son Inc. (of Illinois)
Chubb Custom Insurance Company
Chubb Custom Market, Inc.
Chubb Indemnity Insurance Company
Chubb Insurance Company of New Jersey
Chubb Lloyds Insurance Company of Texas
Chubb Multinational Managers, Inc.
Chubb National Insurance Company

Executive Risk Indemnity Inc.
Executive Risk Specialty Insurance Company
Federal Insurance Company
Great Northern Insurance Company
Northwestern Pacific Indemnity Company
Pacific Indemnity Company
Quadrant Indemnity Company
Texas Pacific Indemnity Company
Vigilant Insurance Company

"Customer" and "you" mean any individual who obtains or has obtained a financial product or service from Chubb that is to be used primarily for personal, family or household purposes. This notice applies to customers only.

"Personal information" means nonpublic personal information, which is defined by law as personally identifiable financial information provided by you to Chubb, resulting from a transaction with or any service performed for you by Chubb, or otherwise obtained by Chubb. Personal information does not include publicly available information as defined by applicable law.

Chubb Personal Insurance
Attention: Privacy Inquiries
P.O. Box 1615
Warren, NJ 07061-1615

# Masterpiece®

Coverage Summary
Renewal



CHUBB

Name and address of Insured

WANDA PODGURSKI
PO BOX 1421
FALLBROOK, CA 92088

Page 1
Effective date 6/26/04
Policy no. 12178949-01
Issued by Pacific Indemnity Company
a stock insurance company
incorporated in Wisconsin
Policy period 6/26/04 to 6/26/05

If you have any questions, please contact
INSURANCE COUNSELORS, INC.
1 GEICO BLVD
FREDERICKSBURG, VA 22412
888-395-1200

This Coverage Summary is part of your policy. PLEASE READ YOUR POLICY CAREFULLY, INCLUDING
THIS COVERAGE SUMMARY, FOR A COMPLETE DESCRIPTION OF YOUR COVERAGES.

## Valuable Articles

This policy provides you with coverage against physical loss if your valuable articles are lost, damaged, or
destroyed. The kinds of losses that are covered, and any special limits that apply, are explained in detail in
the policy.

### Blanket coverage

We will pay up to the amount shown in the following chart for each category of valuable articles. However,
the most we will pay for any one article is the blanket limit per item shown for that category.

### Itemized articles

The amount of coverage for your valuable articles is shown in the following chart. A list of your itemized
valuable articles, and the specific coverage amounts, can be found at the end of the Coverage Summary.

| Class | Amount of blanket coverage | Blanket limit per item | Amount of Itemized coverage |
|---|---|---|---|
| JEWELRY | NO COVERAGE | NO COVERAGE | $   304,538 |

There is no deductible for this coverage.

As the duly authorized representative of the company my signature validates this policy.

_Robert Hamburger_

Authorized representative

© Copyright 1984 by Chubb & Son Inc.    Form no. 00862000 05/85

INSURED 05/11/06 23:31:27

# *Masterpiece*®

Itemized Articles



CHUBB

---

**Name and address of insured**

WANDA PODGURSKI
PO BOX 1421
FALLBROOK, CA 92088

Page 1
Effective date 6/26/04
Policy no. 12178949-01
Issued by Pacific Indemnity Company
a stock insurance company
incorporated in Wisconsin
Policy period 6/26/04 to 6/26/05

If you have any questions, please contact
INSURANCE COUNSELORS, INC.
1 GEICO BLVD
FREDERICKSBURG, VA 22412
888-395-1200

| Class | No. | Description | | Value |
|-------|-----|-------------|---|-------|
| Jewelry | 1 | LADIES DIAMOND RING ONE ROUND CUT 1.5CTS H IN COLOR, VS1 CLARITY PLATINUM SETTING WITH 6 PRONGS. (IN VAULT) | $ | 23,744 |
| | 2 | LADIES DIAMOND BRACELET 14KT Y/G 4 PRONG SET 29.8GRAMS CONTAINING 180 STONE ROUND FULL CUT 7.2CTS (IN VAULT) | $ | 13,568 |
| | 3 | LADIES DIAMOND BRACELET 14KT BEAD SET 16.7GRAMS 20 ROUND FULL CUT DIAMONDS 3.0CTS H-I IN COLOR VS2 CLARITY (IN VAULT) | $ | 6,360 |
| | 4 | LADIES DIAMOND PENDANT 14KT Y/G PAVE SET CONTAINING 12 ROUND FULL CUT DIAMONDS .48CT H-I IN COLOR VS2 IN CLARITY (IN VAULT) | $ | 2,332 |
| | 5 | PAIR OF 14K Y/G DIAMOND STUD EARRINGS - EACH EARRING HAS ONE FULL CUT ROUND DIAMOND WEIGHT OF .96 (IN VAULT) | $ | 4,134 |
| | 6 | DIAMOND STUD 14K W/G EARRINGS - PRINCESS CUT DIAMONDS .96CTS EACH (IN VAULT) | $ | 4,134 |
| | 7 | PAIR OF 14K GOLD DIAMOND EARRINGS - EACH IS ONE FULL CUT ROUND DIAMOND (IN VAULT) | $ | 13,674 |
| | 8 | 14K Y/G DIAMOND BRACELET, 43 ROUND BRILLIANT CUT DIAMONDS, TOTAL WEIGHT IS 3.4CTS (IN VAULT) | $ | 8,162 |
| | 9 | Y/G TENNIS BRACELET, 45 CUT DIAMONDS 3.0CTS (IN VAULT) | $ | 6,784 |
| | 10 | WHITE GOLD RING, 14K (IN VAULT) | $ | 12,296 |
| | 11 | DIAMOND EARRINGS 14K GOLD, POLISHED FINISH, PRONG SET, EXCELLENT CONDITION, PRINCESS CUT DIAMOND, WEIGHT .48 CARATS | | |

© Copyright 1984 by Chubb & Son Inc.  Form no. 01200090 05/86

INSURED 05/11/06 23:31:57

*Itemized Articles*

Page 2
Effective date 6/26/04
Policy no. 12178849-01
Name WANDA PODGURSKI

| Class | No. | Description | | Value |
|-------|-----|-------------|---|-------|
| Jewelry (continued) | | EACH, 2 DIAMONDS, CLARITY VS-2, COLOR H-I, PROPORTION AND FINISH GOOD (IN VAULT) | $ | 5,512 |
| | 12 | DIAMOND EARRINGS 14K WHITE GOLD, POLISH FINISH, PRONG SET, EXCELLENT CONDITION, PRINCESS CUT DIAMOND, WEIGHT .48 CARATS EACH, 2 DIAMONDS, CLARITY VS-2, COLOR H-I, PROPORTION AND FINISH GOOD (IN VAULT) | $ | 5,512 |
| | 13 | DIAMOND EARRINGS 14K YELLOW GOLD, POLISH FINISH, 6 PRONG SET, EXCELLENT CONDITION, ROUND FULL CUT, WEIGHT .71 CARATS EACH, 2 DIAMONDS, CLARITY VS-1, COLOR E-F, PROPORTION AND FINISH GOOD. (IN VAULT) | $ | 15,264 |
| | 14 | LADIES DIAMOND TENNIS BRACELET 14K YELLOW GOLD, POLISH FINISH, PRONG SETTING, EXCELLENT CONDITION, ROUND FULL CUT, WEIGHT .08 CARATS EACH, 43 DIAMONDS, CLARITY SI-1-VS-2, COLOR H-I, PROPORTION AND FINISH GOOD. (IN VAULT) | $ | 9,010 |
| | 15 | LADIES DIAMOND RING 14K WHITE GOLD, RING WEIGHT 5.5 GMS, POLISH FINISH, PRONG SETTING, EXCELLENT CONDITION, 3 DIAMONDS TOTAL, 2 ROUND FULL CUT DIAMONDS WEIGHING .11 CARATS EACH WITH CLARITY SI-1 AND COLOR H-I, PROPORTION AND FINISH GOOD. 1 ROUND FULL CUT DIAMOND WEIGHING 1.09 CARATS WITH CLARITY SI-1 AND COLOR H-I, PROPORTION AND FINISH GOOD. (IN VAULT) | $ | 12,932 |
| | 16 | LADIES DIAMOND TENNIS BRACELET 14K YELLOW GOLD, POLISHED FINISH, PRONG SET, EXCELLENT CONDITION, FULL ROUND CUT, WEIGHT .07 CARATS EACH, 45 DIAMONDS, CLARITY VS-2-SI-1, COLOR H-I, PROPORTION AND FINISH GOOD. (IN VAULT) | $ | 7,420 |
| | 17 | 2 ROUND BRILLIANT CUT DIAMONDS MADE INTO LADIES EARRINGS. WT. 1.25 CARATS EACH, 1 DIAMOND HAS SMALL CUTLET AND MEASURES 5MM TO 4.49MM. THE SECOND DIAMOND HAS NO CUTLET AND MEASURES 5MM. THE CLARITY | | |

© Copyright 1994 by Chubb & Son Inc.    Form no. 01200000 05/85

*Itemized Articles* 



Page 3
Effective date 6/26/04
Policy no. 12178949-01
Name WANDA PODGURSKI

| Class | No. | Description | Value |
|-------|-----|-------------|-------|
| Jewelry (continued) | | IS VVS, COLOR IS F-G. THE DIAMONDS ARE SET IN A 14K GOLD 6-PRONG BASKET TYPE MOUNTING WITH SCREW BACKS. HTE TOTAL GRAM WEIGHT INCLUDING DIAMONDS IS 1.5 GRAMS. (IN VAULT) | $    7,314 |
| | 18 | LADIES 14K YELLOW GOLD DIAMOND TENNIS BRACELET CONTAINING 54 ROUND BRILLIANT CUT DIAMONDS WITH A COMBINED APPROXIMATE WEIGHT OF 2 CARATS. OF THESE DIAMONDS, 1 IS SI IN CLARITY, THE OTHER 53 DIAMONDS RANGE FROM VS TO VVS IN CLARITY. ALL ARE F-G IN COLOR. EACH DIAMOND IS SET IN 4-PRONGS, EACH HINGED WITH THE BRACELET HAVING A SOLID SAFETY LATCH. THE TOTAL GRAM WT INCLUDING DIAMONDS IS 11.3 GRAMS. (IN VAULT) | $    3,074 |
| | 19 | LADIES 3-ROW DIAMOND TENNIS BRACELET CONTAINING 180 ROUND BRILLIANT CUT DIAMONDS RANGING FROM VS TO VVS IN CLARITY AND G-H IN COLOR. THE COMBINED APPROXIMATE WEIGHT IS 7.35 CARATS. EACH DIAMOND IS SET IN 4-PRONG, 3 ACROSS, 3 TO EACH HINGE, WITH AN UNDERSIDE SAFETY CLASP. THE TOTAL GRAM WEIGHT IS 30.5 GRAMS INCLUDING THE DIAMOND WEIGHT. (IN VAULT) | $  16,746 |
| | 20 | 14K YELLOW GOLD LADIES SOLITAIRE DIAMOND RING. THE DIAMOND MEASURES 8.2MM AND WEIGHS APPROXIMATELY 2.10 CARATS. THE DIAMOND IS A ROUND BRILLIANT CUT WITH A FACETED GIRDLE. VERY GOOD CUT, VVS1 IN CLARITY AND E-F IN COLOR. SET IN A 6-PRONG WHITE GOLD HEAD. THE HEAD IS ON A YELLOW GOLD SHANK THAT TAPERS FROM 2.85 TO 3.05MM. THE TOTAL GRAM WEIGHT INCLUDING THE DIAMOND IS 4.6 GRAMS. (IN VAULT) | $  53,954 |
| | 21 | LADIES PLATINUM TIFFANY'S STYLE SOLITAIRE CONTAINING A ROUND BRILLIANT CUT DIAMOND MEASURING 7.4MM AND WEIGHING | |

INSURED  05/11/06  23.31.37

*Itemized Articles*

Page 4
Effective date 6/26/04
Policy no. 12178949-01
Name WANDA PODGURSKI

| Class | No. | Description | Value |
|-------|-----|-------------|-------|
| Jewelry (continued) | | APPROXIMATELY 1.75 CARATS. THE DIAMOND IS A ROUND BRILLIANT CUT WITH A FACETED GIRDLE, VVS1 IN CLARITY AND H-I IN COLOR AND IS SET IN A 6-PRONG PLATINUM HEAD. THE TOTAL GRAM WEIGHT INCLUDING THE DIAMOND IS 5.8 GRAMS. (IN VAULT) | $ 29,256 |
| | 22 | 14K WHITE GOLD LADIES SOLITAIRE DIAMOND RING. THE DIAMOND IS A PRINCESS CUT MEASURING 6.55 X 6 X 4.84MM AND IS APPROXIMATELY 1.60 CARATS. THE DIAMOND IS VVS IN CLARITY AND G-H IN COLOR AND IS SET IN A 4-PRONG-V-TIP HEAD ON A SHANK THAT TAPERS FROM 3.2 TO 3MM. THE TOTAL GRAM WEIGHT IS 4.8 GRAMS. (IN VAULT) | $ 25,440 |
| | 23 | 14K WHITE GOLD LADIES PENDANT CONTAINING A ROUND BRILLIANT CUT DIAMOND WITH A FACETED GIRDLE. THE DIAMOND MEASURES 6.45MM AND IS APPROXIMATELY 1 CARAT. THE DIAMND IS VVS IN CLARITY AND E-F IN COLOR SET IN A 6-PRONG BASKET TYPE SETTING. THE PENDANT IS ON AN 18-INCH 14K WHITE GOLD SNAKE STYLE CHAIN. THE TOTAL GRAM WEIGHT INCLUDING THE CHAIN AND DIAMOND IS 6 GRAMS. (IN VAULT) | $ 17,914 |

© Copyright 1984 by Chubb & Son Inc.   Form no. 01200000 05/85

# Masterpiece®

Table of Contents

CHUBB

Name and address of Insured

WANDA PODGURSKI
PO BOX 1421
FALLBROOK, CA 92088

Effective date 6/26/04
Policy no. 12178849-01
Issued by Pacific Indemnity Company
a stock insurance company
incorporated in Wisconsin
Policy period 6/26/04 to 6/26/05

If you have any questions, please contact
INSURANCE COUNSELORS, INC.
1 GEICO BLVD
FREDERICKSBURG, VA 22412
888-395-1200

This table of contents lists your policy provisions. Please attach this table of contents to your policy so you have a current list of your coverages at all times.

## Contents

| Chapter | Edition Date | State | Page |
|---|---|---|---|
| Introduction | | | A-1 |
| Valuable Articles Coverage | 12/03 | CAL. | N-1 |
| Policy Terms | 04/04 | CAL. | Y-1 |
| Policy Information Notice | 04/04 | CAL. | |

© Copyright 1984 by Chubb & Son Inc.    Form No.Q09D9000 05/85

*Masterpiece*®    Introduction    CHUBB

This is your Chubb Masterpiece Policy. Together with your Coverage Summary, it explains your coverages and other conditions of your insurance in detail.

This policy is a contract between you and us. READ YOUR POLICY CAREFULLY and keep it in a safe place.

## Agreement

We agree to provide the insurance described in this policy in return for your premium and compliance with the policy conditions.

## Definitions

In this policy, we use words in their plain English meaning. Words with special meanings are defined in the part of the policy where they are used. The few defined terms used throughout the policy are defined here:

**You** means the person named in the Coverage Summary, and a spouse who lives with that person.

**We** and **us** mean the insurance company named in the Coverage Summary.

**Family member** means your relative who lives with you, or any other person under 25 in your care or your relative's care who lives with you.

**Policy** means your entire Masterpiece Policy, including the Coverage Summary and any Mortgagee's Coverage Summary.

**Coverage Summary** means the most recent Coverage Summary we issued to you, including any subsequent Coverage Updates.

**Occurrence** means a loss or accident to which this insurance applies occurring within the policy period. Continuous or repeated exposure to substantially the same general conditions unless excluded is considered to be one occurrence.

**Business** means any employment, trade, occupation, profession, or farm operation including the raising or care of animals.

© Copyright 1995 by Chubb & Son Inc. Form no. 0200000 5/95

# Masterpiece®

Valuable Articles
Coverage

CHUBB

This part of your Masterpiece Policy provides you with coverage against all risk of physical loss to your valuable articles anywhere in the world unless stated otherwise or an exclusion applies.

"Valuable article" means personal property you own or possess for which an amount of coverage is shown in the Valuable Articles section of your Coverage Summary.

## Payment for a Loss

### Amount of coverage
The amount of coverage for each category of valuable articles, and for each itemized article, is shown in your Coverage Summary.

### Itemized articles
For a covered loss to an article listed in your schedule of itemized articles, we will pay as follows:

Total loss. If the itemized article is totally destroyed or lost, we will pay the amount of itemized coverage for that article. However, if the market value of the itemized article immediately before the loss exceeds the amount of itemized coverage for that article, we will pay its market value immediately before the loss, up to 150% of the amount of itemized coverage for that article.

Partial loss. If the itemized article is partially lost or damaged, you may choose to restore the article and we will pay to restore it to its condition immediately before the loss. If you choose not to restore the article, or the article cannot be fully restored to its condition immediately before the loss, we will pay the restoration costs, if restoration is attempted, plus any loss of market value, determined as follows:
- If the amount of coverage for the article is less than the market value immediately before the loss, we will apply the percentage change to the market value immediately before the loss.
- If the amount of coverage for the article is greater than the market value immediately before the loss, we will apply the percentage change to the amount of coverage for that article.
The maximum amount we will pay is 150% of the amount of itemized coverage for that article.

"Percentage change" means the change in market value resulting from the covered loss, after restoration if any, expressed as a percentage.

In-vault jewelry. Itemized jewelry described in the Coverage Summary as "in-vault" must be kept in a bank vault. There is no coverage for these items while they are out of a vault, unless we agree in advance to cover them.

### Blanket coverage
For a covered loss to valuable articles with blanket coverage, we will pay the amount required to repair or replace the property, whichever is less, without deduction for depreciation. If the restored value is less than the market value immediately prior to the loss, we will pay the difference. But we will not pay more than the amount of blanket coverage for that category. And we will not pay more than the blanket limit per item for loss to any one article as shown in the Coverage Summary.

The following valuable articles are eligible for blanket coverage:

Jewelry. An article of personal adornment containing gemstones, silver, gold, platinum, or other precious metals or alloys.

Valuable Articles
Coverage

## Payment for a Loss
(continued)

Furs. Garments made of, trimmed in, or consisting principally of fur.

Fine arts. Private collections of paintings, etchings, pictures, tapestries, art glass windows, other bona fide works of art (for example, statues, antiques, rare books and manuscripts, porcelains, rare glass), and items of historical value or artistic merit.

Silverware. Sterling silver, gold, or pewter, plated ware, tableware, trays, trophies, and similar household articles other than jewelry.

Stamps and coins. Stamps and/or coins contained in an individually owned stamp and/or coin collection and not owned by dealers or auctioneers. This includes other philatelic property, including books, pages and mountings; and other numismatic property including coin albums, containers, frames, cards and display cabinets used with your collection.

Musical instruments. Musical instruments and equipment.

Cameras. Cameras, projection machines, films, and related equipment.

Collectibles. This means private collections of rare, unique or novel items of personal interest (for example, dolls, banks, guns, model trains, wine) including memorabilia.

## Pairs, sets, and parts

If the covered loss is to part of a pair or set, or larger unit listed in your schedule of itemized articles, you may choose either of the following:
- If you do not surrender the undamaged article(s) of the pair, set or unit, we will pay the covered loss as a partial loss for the damaged article(s) of the pair, set or unit as previously described under itemized articles.
- If you agree to surrender the undamaged article(s) of the pair, set or unit to us, we will pay the covered loss as a total loss for that pair, set or unit as previously described under itemized articles.

If the covered loss is to part of a pair or set, or larger unit with blanket coverage we will pay whichever is least:
- the cost to repair the damaged property to its condition before the loss;
- the cost to replace it; or
- the difference between its market value immediately before and after the loss.

If you agree to surrender the undamaged article(s) of the pair, set or unit to us and we agree to accept, we will pay you the full replacement cost of the entire pair, set or unit, as a total loss, subject to the applicable blanket limit per item and amount of blanket coverage for that valuable articles category.

"Replacement cost" means the amount required to repair or replace the pair, set, or unit, whichever is less.

## Our option
When we pay for a total loss, we may keep all or part of the damaged property.

© Copyright 1985 by Chubb & Son Inc. Form no. 3400004 5/86     7/15/03 10:51:39

Valuable Art‌...es
Coverage



CHUBB

## Payment for a Loss
(continued)

### Recoveries
If we pay for a covered loss to property and we recover that property, we agree to offer you an opportunity to buy it back. We will offer it to you at no higher an amount than we paid to you for that property.

## Valuable Articles Coverage

In Valuable Articles Coverage, a "covered loss" includes all risk of physical loss to valuable articles unless stated otherwise or an exclusion applies. Exclusions to this coverage are described in Exclusions.

## Extra Coverages

In addition to covering the physical loss to your valuable articles, we also provide other related coverages. These payments are in addition to the amount of coverage for your valuable articles unless stated otherwise or an exclusion applies. Exclusions to these coverages are described in Exclusions.

### Newly acquired valuable articles
For some categories of valuable articles, we automatically cover newly acquired articles that you own if you already have itemized articles shown in the Coverage Summary in that category. The amount of coverage for these articles is described below.

Fine arts. We cover your newly acquired fine arts for 25% of your total itemized coverage for fine arts. But you must request coverage for the newly acquired fine arts within 90 days after you acquire them, and pay the additional premium from the date acquired. We reserve the right not to insure the newly acquired articles after the 90th day.

Jewelry, furs, cameras, musical instruments, and collectibles. We cover your newly acquired jewelry, furs, cameras, musical instruments and collectibles for 25% of your total itemized coverage in the same category, up to $50,000 for each category. But you must request coverage for these newly acquired articles within 90 days after you acquire them, and pay the additional premium from the date acquired. We reserve the right not to insure the newly acquired articles after the 90th day.

## Exclusions

These exclusions apply to your Valuable Articles Coverage, including the Extra Coverages, unless stated otherwise.

© Copyright 1985 by Chubb & Son Inc. Form no. 3400004 5/85

Valuable Articles
Coverage

---

## Exclusions
(continued)

The words "caused by" mean any loss that is contributed to, made worse by, or in any way results from that peril.

**Musical and photographic articles used for profit.** We do not cover any loss to musical instruments, cameras, or related equipment used for profit, except in an incidental business activity that does not have gross revenues of $5,000 or more in any year and conforms to local, state and federal laws.

**Intentional acts.** We do not cover any loss caused intentionally by you or a family member, or by a person directed by you or a family member to cause a loss where the covered person intending to cause the loss will benefit from this insurance. An intentional act is one whose consequences could have been foreseen by a reasonable person.

**Misappropriation.** We do not cover any loss to valuable articles caused by the taking or other misappropriation of the article(s) from you or a family member by your spouse or another family member.

**Gradual or sudden loss.** We do not provide coverage for the presence of wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, or warping, however caused, or any loss caused by wear and tear, gradual deterioration, rust, bacteria, corrosion, dry or wet rot, warping, insects or vermin. We also do not cover any loss caused by inherent vice, latent defect or mechanical breakdown. But we do insure ensuing covered loss unless another exclusion applies.

**Fungi and mold.** We do not provide coverage for the presence of mold, however caused, or any loss caused by mold. But we do cover mold resulting from fire or lightning unless another exclusion applies. "Mold" means fungi, mold, mold spores, mycotoxins, and the scents and other byproducts of any of these.

**Computer error.** We do not cover any loss caused by an error in computer programming or instructions to the computer.

**Acts of war.** We do not cover any loss caused directly or indirectly by war, undeclared war, civil war, insurrection, rebellion, revolution, warlike acts by military forces or personnel, the destruction or seizure of property for a military purpose, or the consequences of any of these actions.

**Nuclear or radiation hazard.** We do not cover any loss caused directly or indirectly by nuclear reaction, radiation, or radioactive contamination, regardless of how it was caused. But we do insure ensuing covered loss due to fire resulting from a nuclear hazard unless another exclusion applies.

**Special exclusions for fine arts.** We do not cover any loss to fine arts caused by repairing, restoring, or retouching. We also do not cover any loss to fine arts while exhibited at a fairground, or at the premises of a national or international exposition, unless we agree in advance to cover the fine arts.

Policy
Terms



CHUBB

## Special Conditions

In the event of conflict with any other conditions of your policy, these conditions supersede.

### Legal action against us

You agree not to bring legal action against us unless you have first complied with all conditions of this policy. You also agree to bring any action against us within one year after a loss occurs, but not until 30 days after proof of loss has been filed and the amount of loss has been determined.

If you have a loss under liability coverage, you agree not to bring any action against us until the amount of damages you are legally obligated to pay has been finally determined after an actual trial or appeal, if any, or by a written agreement between you, us and the claimant. No person or organization has any right under this policy to bring us into any action to determine the liability of a covered person.

### Appraisals

If you and we fail to agree on the amount of loss, you and we may select an independent appraiser in order to reach a mutual agreement. You and we will share the expenses incurred equally and every effort will be made to reach an agreement within a reasonable time. However, we do not waive our rights under this policy by agreeing to an appraisal.

### Mortgagee or loss payee

The word "mortgagee" includes a trustee. If a mortgagee or loss payee is named in this policy, any loss payable will be paid to the mortgagee or loss payee and you, as interests appear. If more than one mortgagee is named, the order of payment will be the same as the order of precedence of the mortgagees. We cover the interests of the loss payee unless the loss results from fraudulent acts or omissions on your part.

If we deny your claim, that denial will not apply to a valid claim of the mortgagee or loss payee, provided that the mortgagee or loss payee:
- notifies us of any change in ownership, occupancy, or substantial change in risk of which the mortgagee or loss payee is aware;
- pays any premium due under this policy on demand if you have neglected to pay the premium; and
- submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so.

Policy conditions relating to appraisals and legal action against us, apply to the mortgagee and loss payee. If the policy is cancelled or not renewed by us, the mortgagee or loss payee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

If we pay the mortgagee or loss payee for any loss and deny payment to you, then:
- our rights are subrogated to all rights of the mortgagee or loss payee granted under the mortgage on the property; or
- at our option, we may pay to the mortgagee or loss payee the whole principal on the mortgage plus any accrued interest. In this event, we will receive a full assignment and transfer from the mortgagee or loss payee and all securities held as collateral to the debt.

Subrogation will not impair the right of the mortgagee or loss payee to recover the full amount of the mortgagee's or loss payee's claim.

Policy
Terms

## Special Conditions
(continued)

### Nonrenewal

If we decline to renew all or part of this policy, we will mail such nonrenewal to the mailing address shown in the Coverage Summary at least 45 days before the policy ends and we will obtain a certificate of mailing. A copy of the notice will also be sent to the last known mortgagee or lienholder named in this policy.

Our right not to renew applies to each coverage or limit in this policy.

Nonrenewal may result from unspecified reasons that are both lawful and not unfairly discriminatory.

### Your cancellation

You may cancel this policy or any part of it at any time by returning it to us or notifying us in writing of the future date that the cancellation is to take effect.

### Our cancellation

We may cancel this policy or any part of it, subject to the following conditions. Our right to cancel applies to each coverage or limit in this policy.

Within 60 days. When this policy or any part of it has been in effect for less than 60 days, we may cancel with 10 days notice for any reason.

After a year. We may cancel for any reason at anniversary by notifying you at least 45 days before the date cancellation takes place, when this policy has been in effect for a period longer than one year. When we cancel this policy the return premium will be refunded within 30 days after the cancellation date.

Nonpayment of premium. We may cancel this policy or any part of it with 10 days notice if you fail to pay the premium by the due date, regardless of whether the premium is payable to us, to our agent, or under any finance or credit plan.

Misrepresentation. We may cancel this policy or any part of it with 30 days notice if the coverage was obtained through misrepresentation, fraudulent statements, grossly negligent acts, or omissions or concealment of a fact that is relevant to the acceptance of the risk or physical change in property or conviction of a crime increasing the hazard making it uninsurable. This provison does not apply to any vehicle coverage.

Increase in hazard. We may cancel this policy or any part of it with 30 days notice if there has been a substantial change in the risk which increases the chance of loss after insurance coverage has been issued or renewed, including but not limited to an increase in exposure due to rules, legislation or court decision.

### Vehicle coverage only:

Driver's license suspension. We may cancel any vehicle coverage in this policy with 30 days notice if your driver's license or that of any other driver who lives with you, or customarily uses your car, has been suspended or revoked during the policy period.

© Copyright 1985 by Chubb & Son Inc. Form no. 7000004-5/85          12/18/03 14:27:31

Policy
Terms



CHUBB

## Special Conditions
(continued)

Valuable Articles coverage. We may cancel Valuable Articles coverage with 30 days notice for
any reason. If the reason for cancellation is nonpayment of premium, as described previously, only
10 days notice is required.

### Procedure
To cancel this policy or any part of it, we must notify you in writing. This notice will be mailed to you
at the mailing address shown in the Coverage Summary and we will obtain a certificate of mailing.
This notice will include the date the cancellation is to take effect.

### Refund
In the event of cancellation by you or by us, we will refund any unearned premium on the effective
date of cancellation, or as soon as possible afterwards. The unearned premium will be computed
pro rata for the unexpired term for each part of the policy.

Signatures



In Witness Whereof, the company issuing this policy has caused this policy to be signed by its authorized officers, but this policy shall not be valid unless also signed by a duly authorized representative of the company.

CHUBB INDEMNITY INSURANCE COMPANY
CHUBB INSURANCE COMPANY OF NEW JERSEY
CHUBB NATIONAL INSURANCE COMPANY
FEDERAL INSURANCE COMPANY
GREAT NORTHERN INSURANCE COMPANY
VIGILANT INSURANCE COMPANY

President

Secretary

NORTHWESTERN PACIFIC INDEMNITY COMPANY

President

Secretary

PACIFIC INDEMNITY COMPANY

President

Secretary

*Masterpiece*®        Policy Information Notice        

CHUBB

You have the right to review and correct or amend information we have. If you want to know more about this and how information may be disclosed without your prior authorization, please write to:

Chubb Personal Insurance
Attention: Policy Information
202 Halls Mill Road
P.O. Box 1600
Whitehouse Station, N.J. 08889-1600

Please include your policy number, policy period and the name and address of your agent or broker.

If you have questions or complaints about your policy, you can call this telephone number for assistance:

Agency Services
908-903-3831

If you need to report a claim and have been unable to contact your agent, broker or local Chubb Office, you can call this telephone number for further assistance:

1-800-252-4670

# EXHIBIT B

January 31, 2007

Wanda Podgurski
c/o John P. Stennett, Esq.
Stennett & Stennett
501 West Broadway
Suite 1340
San Diego, CA 92101

       Re:   Insured        :    Wanda Podgurski
               Policy No.    :    1217894901
               Date of Loss  :    6/20/05

Dear Ms. Podgurski:

      You presented a claim to Federal Insurance Company for theft of property from your vehicle on June 20, 2005. In order to investigate that claim, on our behalf, Federal's lawyer requested that you appear for your Examination Under Oath and produce certain documents. The insurance policy pursuant to which you presented the claim requires you to comply with these requests. However, you have not done so. Because of your failure to comply with these insurance policy conditions, Federal must deny your claim.

      You have advised that on June 20, 2005, jewelry was taken out of your black 2003 Nissan Frontier, license number 7D99969, when it was parked at or near 103 S. Main Ave., Fallbrook. You reported that earlier that day, you had removed all of your jewelry from the bank where it was kept. You reported that a man broke into the vehicle and stole the jewelry, a camera and other items.

      Although you apparently reported the claim to your insurance broker, Insurance Counselors, on June 23, 2005, you told them on June 28, 2005, that Chubb had denied the claim. At the time of this conversation, the claim had not been reported to Chubb/Federal. In fact, the claim was not reported to Chubb/Federal until April 28, 2006.

      Once Federal received notice of the claim, it began its investigation. Federal determined that it was necessary to obtain documents from you and to take your Examination Under Oath. It retained counsel for that purpose.

Wanda Podgurski
January 31, 2007
Page 2

On June 23, 2006, our lawyer, Gene Weisberg, wrote to you requesting documents and setting your Examination Under Oath for July 25. On July 14, John Stennett, the lawyer whom you retained to represent you, wrote to our lawyer advising that he had been retained and asking that the Examination be rescheduled to accommodate his calendar. Pursuant to his request, Mr. Weisberg wrote to him on July 19 offering alternative dates. Having not heard from him, and because the suggested dates had passed or were fast approaching, Mr. Weisberg wrote again on August 4 offering additional dates.

On August 16, Mr. Stennett responded, stating that you were in the middle of moving your residence and asking to postpone the Examination Under Oath until you resettled. He said that you had told him that you would contact him to "restart the process of selecting a time and place for your Examination Under Oath" when you were "resettled." Mr. Stennett and Mr. Weisberg spoke again on August 18. In that conversation, Mr. Weisberg stated that the Examination could not be put off for too long and Mr. Stennett said that he understood. They agreed during the conversation that they would be in contact with each other after Labor Day to schedule the Examination.

Mr. Weisberg did not hear from Mr. Stennett regarding available dates after Labor Day so he placed a call to Mr. Stennett's office. The two finally connected on September 21. During that conversation, Mr. Stennett stated that you fell down stairs while moving and hurt your back. He said that you were in pain and was seeking treatment. They agreed to speak again in two weeks.

Mr. Weisberg wrote to Mr. Stennett again three weeks later, on October 13, asking for available dates for the Examination Under Oath. Mr. Weisberg offered, as he had in his September 21 letter, to take several shorter sessions in order to make accommodations for your physical condition if that was necessary. He noted that, considering that you waited a considerable amount of time before reporting the June 20, 2005, claim to Federal, the more time that passed, the more likely it was that the delay would cause prejudice.

In response, in his October 19 letter, Mr. Stennett suggested a shortened Examination Under Oath session after Thanksgiving. Accordingly, Mr. Weisberg wrote to him scheduling the Examination for November 29. Mr. Stennett notified our lawyer on November 28 that you had cancelled the Examination. Mr. Stennett made it clear that this change was due to your instructions and that he was ready to proceed.

Wanda Podgurski
January 31, 2007
Page 3


On November 30, 2006, Mr. Weisberg wrote a letter to Mr. Stennett in which he recounted this history and asked him to supply available EUO dates. Having received no response, our lawyer wrote again on January 3, 2007. In that letter, he asked Mr. Stennett to advise within two weeks when you would appear for your Examination Under Oath. To date, we have received no response to this request. Nor have the requested documents been produced.

Giving an Examination Under Oath is a pre-requisite to payment under the policy. The policy states:

> **Your duties after a loss**
>
> If you have a loss this policy may cover, you must perform these duties:
>
> **Notification.** You must notify us or your agent without unnecessary delay of your loss. In case of theft or accident, you must also notify the police or similar competent authority.
>
> \* \* \*
>
> **Examination under oath.** We have the right to examine under oath, as often as we may reasonably require, you, family members and other members of your household and have them subscribe the same. We may also ask you to give us a signed description of the circumstances surrounding a loss and your interest in it, and to produce all records and documents we request and permit us to make copies.

Because you have failed to comply with these policy conditions, you are not entitled to recover anything under the policy. Your failure to give your Examination Under Oath, and to produce the requested documents, also has prevented Federal from investigating the claim in order to determine whether there otherwise would be a right to payment of the claim. For these reasons, Federal denies the claim.

The insurance policy also states:

Wanda Podgurski
January 31, 2007
Page 4

> You agree not to bring legal action against us unless you have
> first complied with all conditions of this policy. You also
> agree to bring any action against us within one year after a
> loss occurs, but not until 30 days after proof of loss has been
> filed and the amount of loss has been determined.

Please note that the more than 10 months that passed from the claimed theft, June 20, 2005, until the claim was reported to Federal on April 28, 2006, counts towards the one year in which suit must be brought. The time within which suit must be filed again begins to run from the date of this denial letter.

Federal reserves the right to rely on all facts, insurance policy provisions and applicable law in connection with this claim. Because we have not been allowed to fully investigate the claim, there may be policy provisions that are not quoted in this letter that apply to the claim.

If you decide to comply with your policy obligations, Federal will consider whether it would be appropriate to reopen the claim.

If you believe that all or part of the claim has been wrongfully denied or rejected, you may have the matter reviewed by the California Department of Insurance, Claim Services Bureau, located at 300 South Spring Street, 11th Floor, Los Angeles, California 90013 (1-800-927-4357).

Sincerely,


David Martinez
Property Claim Specialist


bcc:    Gene A. Weisberg

**FEDERAL COURT AMENDED PROOF OF SERVICE**
Podgurski v. Federal Insurance Company, et al. - File No. 8632-476

STATE OF CALIFORNIA, COUNTY OF SAN DIEGO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 550 West C Street, Suite 800, San Diego, CA 92101. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On August 22, 2008, I served the following document(s):

1.   Defendants Pacific Indemnity Company and Federal Insurance Company's Memorandum of Points and Authorities in Support of Their Motion to Dismiss Pursuant to FRCP Rule 12(b)(6); Declaration of Janelle F. Garchie; Declaration of David Martinez II; Demand for Jury Trial

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

Darrell Palmer, Esq.
Attorney at Law
603 North Highway 101, Suite A
Solana Beach, CA 92075
Tel: 858-792-5600
Fax: 858-792-5655
Attorneys for Plaintiff

The documents were served by the following means:

[X]   (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and (specify one):

[ ]   Deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

[X]   Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope of package with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 22, 2008, at San Diego, California.

_Jeanne P. Farrar_
Jeanne P. Farrar

LEWIS BRISBOIS BISGAARD & SMITH LLP
550 WEST "C" STREET, SUITE 800
SAN DIEGO, CALIFORNIA 92101-3540
TELEPHONE (619) 233-1006